21408.   TRAVELERS INDEMNITY COMPANY v. PRUITT *et al.*

ARGUED OCTOBER 9, 1961—DECIDED NOVEMBER 9, 1961.

*Bennett, Pedrick & Bennett,* for plaintiff in error.

*Schreiber & Rozier, E. G. Barham, Eugene Cook, Attorney-General, G. Hughel Harrison, Assistant Attorney-General, Marshall Ewing, Benjamin L. Johnson,* contra.

GRICE, Justice. Travelers Indemnity Company filed its petition in Ware Superior Court seeking interpleader and injunctive relief against certain suits in the City Court of Waycross. The petition alleged the same factual situation which was involved in the related case of *Campbell v. Benton,* 217 Ga. 368 (122 SE2d 223). That case held that it was error to dismiss the petition on general demurrer.

In the instant case Travelers, surety on a livestock dealer's bond pursuant to Ga. L. 1956, p. 501, in the sum of $15,000, filed its petition against persons trading as Waycross Livestock Market, Toombs County Stockyard, and others, alleging the same pending litigation involved in the *Campbell* suit, supra, and the resulting claims against the bond greatly in excess of $15,000. The surety's petition admitted default by the principal on the bond, recited its disinterest as to the claims being made, its non-collusion, and its inability with safety to pay the amount of the bond because it had no way to prorate it among the many claimants. Travelers also pleaded lack of jurisdiction of the City Court of Waycross to grant equitable relief against the suits pending for amounts in excess of its liability on the bond. The surety further alleged that it was necessary that Ware Superior Court restrain the pending City Court of Waycross cases and require all of the claimants on the bond to interplead in Ware Superior Court and set up their respective claims in order that complete justice be done, to avoid a multiplicity of suits and to determine the rights and relationships of the parties. Also, it recited tender and offered to deposit in the registry of the court the $15,000 for which it was liable on the bond, in order that the court might determine to whom the proceeds should be paid. Prayers of the petition were for temporary injunction against such suits, interpleading by the claimants for the proceeds of the bond, and for general relief.

Upon the hearing the foregoing facts were established without conflict in the evidence. The trial court expressly denied the

injunctive relief against the pending suits and did not afford any of the relief sought. Error is assigned upon the denial of the temporary injunction.

1. The ruling in the *Campbell* case, supra, controls here to the extent that the petitioning surety's total liability upon the bond is $15,000, and that this amount is subject to proration among the various claimants.

2. We hold in the instant case that the surety's position, as established by the exhibits and testimony upon the hearing in the trial court, entitled the surety to injunction against the pending suits of the claimants, under the bond, in the city Court of Waycross.

3. Accordingly, it was error to deny the petitioner, upon the interlocutory hearing, the injunctive relief which it sought.

*Judgment reversed. All the Justices concur.*